15  147
23  508

THE STATE OF NEBRASKA, EX REL. HENRY T. CLARK, v. JOSEPH SCOTT, COUNTY TREASURER OF BUFFALO COUNTY.

Mandamus against County Treasurer: INTEREST. In a proper case, a mandamus will issue to compel a county treasurer to pay out the county money of the appropriate fund, upon a county warrant, according to its face, together with interest thereon according to the date of its presentation for payment as endorsed thereon, and the law in force at the date of such payment. But will not issue, to compel the payment of a higher rate of interest, as evidenced by the terms of a judgment against the county, and in favor of the holder of said warrant, and in liquidation of which such warrant was issued.

CLARK recovered judgment in this court in 1878 against the commissioners of Buffalo county on a mandamus to compel them to levy a tax and to draw warrants thereon, and deliver the same to him through the clerk until the full sum of $19,577.50 and interest thereon at ten per cent per annum from June 11th, 1873, should be fully paid. In obedience to this mandate levies were made and warrants issued to liquidate said judgment for the years 1877, 1878, 1879, 1880, and 1881. In 1879 the legislature reduced the rate of interest on county warrants from ten to seven per cent. The county treasurer having paid certain of these warrants, issued since the law reducing the interest, with interest only at the rate of seven per cent, this application for a peremptory writ of mandamus was brought to compel him to pay an amount equal to ten per cent interest.

*J. R. Webster,* for the relator, cited: Laws 1879, 113, § 3. *Fuller v. Heath,* 89 Ills., 296. *Bensen v. Carmel,* 8 Greenleaf, 112. *Willey v. Greenfield,* 30 Me., 452. *Goldschmiedt v. New Orleans,* 5 La. Ann., 436. *Short v. New Orleans,* 4 La. Ann., 281. *Pease v. Cornish,* 19 Me., 191. *Varney v. Nobleborough,* 2 Greenleaf, 121.

*E. M. Cunningham,* for respondent, cited: Freeman on Judgments, § 463, 432a. *Lyon v. Northrop,* 17 Iowa, 314. *Webster v. Clark,* 37 Mo., 572. *Wethersby v. Mann,* 11 Johns., 518. *Ives v. Phelps,* 16 Minn., 451 *Morriss v. Harvey & Williams,* 75 Va., 726. *Dalrymple v. Whittingham,* 26 Ver., 345. *White v. Young,* 38 Ills., 159. *Louden v. Birt,* 4 Ind., 570. *Kern v. Younkman,* 8 Ind., 254. Parsons on Notes and Bills, p. 30.

COBB, J.

The answer of the respondent is a complete defense to the cause of action as set out in the relation. Whatever legal or equitable rights the relator may have as against

Buffalo county, of which we express no opinion, it is very clear that the respondent is not in default. The respondent being merely a ministerial officer, is charged with no knowledge but that to be derived from an inspection of the warrants themselves. Such inspection conveys no information as to the consideration for which they were issued. They bear date the 25th June, 1880, and call for the payment of five hundred dollars each out of the bridge fund. By turning to the back it is seen that they were presented to the then county treasurer, and not paid for the want of funds, on the 21st day of August, 1880, and registered for payment the same day. The word interest is not found either on the back or face of the warrants. Clearly it is the duty of the county treasurer, upon the coming into the treasury of money sufficient and the re-presentation of the said warrants, to pay the same together with interest according to terms of the law in force at the time. No question as to the power of the legislature to reduce the rate of interest on county warrants after their issue can possibly arise in this case, because there has been no such act passed since the issuance of these warrants. It cannot be that it is the duty of the county treasurer to study the history of every warrant that is presented for payment, and acquaint himself with the consideration upon which it was issued, or that it is the duty of the courts to punish him by mandamus for a mistake or error of judgment as to the legal relations existing between the claimant and the county. The warrant itself is the treasurer's authority for paying out the money and it only will be accepted as his voucher by the auditing board. Can this court compel him to disburse money upon a disputed interpretation of a record which has not been and cannot be legally brought before him, and which in no event would the auditing board accept as a voucher? We think not. The writ must therefore be denied.

WRIT DENIED.

THE other judges concur.