State v. Wilcox.

STATE, EX REL. MYRON H. SOUTHWICK, V. ELIAS C.
WILCOX.

**Liquors:** LICENSE MONEY BELONGS TO SCHOOL FUND. The city
of W. required an applicant for license to sell intoxicating
liquors to pay to the city treasurer $1,000, one-half of which
sum to be paid to the school district in which W. is situated,
and the other to be retained by the city as an occupation tax on
saloon keepers. *Held*, That as the entire sum of $1,000 was
required to be paid as a condition of obtaining a license, it was
license money and not a tax, and, under the provisions of section
5, Art. VIII., of the constitution, belonged to the school district.

ORIGINAL application for mandamus.

The ordinance under which respondent claimed the li-
cense money is as follows:

"ORDINANCE No. 2.

"An ordinance to license and regulate, and to prohibit
without license, the sale of malt, spirituous, and vinous
liquors in the city of Wymore, Gage county, Nebraska,
and to punish the sale of intoxicating liquor without
license, or to minors, insane persons, habitual drunk-
ards, and Indians, and after certain hours and on cer-
tain days, and to provide for an occupation tax on
saloon keepers.

"*Be it ordained by the Mayor and Council of the City of
Wymore, Nebraska:*

"SECTION 1. It is hereby made unlawful for any person
or persons, individuals or firms, by himself, themselves,
his or their agents, clerks, or servants, to sell or give away
on any pretext, or to keep for sale, any malt, spirituous,
or vinous liquors, or any intoxicating drinks within the
corporate limits of the city of Wymore, Gage county, Ne-
braska, without having first complied with all the provis-
ions of this ordinance and obtained a license as herein set
forth.

"SEC. 2.  Any person desirous of obtaining a license under this ordinance shall proceed as follows:  1st.  He shall at his own cost and expense publish a notice once each week for two weeks in a newspaper of general circulation published in said city of his intention to make application for said license.  2d.  He shall present said notice with the sworn certificate of the publisher of said newspaper that the same has been published as required by this ordinance to the mayor and council of said city at a meeting thereof, with a petition signed by not less than thirty resident freeholders of the ward in which said liquor is to be sold, setting forth that the applicant is a man, or men, of respectable character and standing and a resident, or residents, of the city, and praying that a license may be granted to him or them.  3d.  He or they shall also present to said council a bond in the penal sum of five thousand dollars, payable to the state of Nebraska, with at least two good and sufficient sureties, resident freeholders of the county, conditioned that he or they will not violate any of the provisions of this ordinance, or any law of the state on the subject of liquors, and that he or they will pay all fines, damages, penalties, and forfeitures which may be adjudged against him or them under the provisions of this ordinance or under chapter fifty (50) of the Compiled Statutes of the State of Nebraska, entitled "Liquors."  4th. He or they shall also pay to the treasurer of said city a license fee for the use of the school fund of said city of five hundred dollars and a further sum as an occupation tax for the use of said city of five hundred dollars if said license is to be issued for a full municipal year, or a proportionate sum if for a less time, and produce the treasurer's receipt for said amounts; *Provided,* That no such license shall be granted for a shorter period than the time intervening between the time of issuing said license and the end of the municipal year if said time is less than six months, but if said intervening time is greater than six

months, then said license shall not be granted for less than six months, and the city treasurer of said city shall on the receipt of any money paid for a license under this ordinance place one-half thereof to the credit of the school district of Wymore, subject to the order of the school treasurer of said district, and shall place the other half of said money to the credit of the general fund of said city, and pay the same out upon the outstanding warrants of said city in the order in which the same have been registered for payment.

"Sec. 3. The end of the municipal year for the purposes of this ordinance shall be the first Tuesday after the annual municipal election in said city in each year, and all licenses shall expire on that date.

"Sec. 4. When the applicant has fully complied with the provisions of this ordinance, and paid the license fee and occupation tax mentioned in section 2 hereof, and the mayor and council have satisfied themselves that all of said requirements have been complied with and that the applicants are men of respectable character and standing, and having satisfied themselves that the sureties on the bond are good and sufficient, and there being no protest or remonstrance in writing filed, said license may be granted.

"Sec. 5. In all cases when protests or remonstrances have been filed the hearing thereof shall be proceeded with as provided in chapter (50) fifty of the Compiled Statutes of Nebraska, entitled "Liquors."

"Sec. 6. The license shall be issued by the clerk of the city, signed by him, and attested by the signature of the mayor and the seal of the city.

"Sec. 7. All saloons licensed under this ordinance shall be closed promptly at eleven o'clock P.M., and shall not open before five o'clock A.M., and it shall be unlawful for any person holding such license to keep their saloon open on Sunday, or on the day of any general or special election, or to sell any intoxicating drinks to any minor, Indian, insane person, or habitual drunkard.

"SEC. 8. Said license may be revoked by the mayor and council and the money paid therefor forfeited at any time that said mayor and council are satisfied on due proof that the party holding said license is keeping a disorderly house or has violated any of the provisions of this ordinance or any law of this state relating to intoxicating liquors or gambling.

"SEC. 9. Permits will be issued to druggists for the sale of liquor for medicinal, mechanical, and chemical purposes, upon their compliance with all the requirements of this ordinance, except that no license fee or occupation tax shall be charged except the cost of issuing said permit.

"SEC. 10. Any person who shall sell or give away any intoxicating liquors without having complied with the provisions of this ordinance and obtained a license as herein provided, or any person holding such license who shall sell or give away any intoxicating liquors to any minor, habitual drunkard, insane person, or Indian, or shall keep their saloon open after eleven (11) o'clock P.M., or open the same before five o'clock in the morning, or any person, whether holding such license or not, who shall violate any of the provisions of this ordinance shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined in any sum not less than ten dollars ($10.00) nor more than one hundred ($100.00) dollars and costs, or be imprisoned not exceeding thirty days, and in case a fine is imposed shall stand committed to the common jail of the county or the city jail of the city of Wymore until said fine and all costs made in said action shall be fully paid.

"SEC. 11. All ordinances of the city of Wymore on this subject are hereby repealed, and this ordinance to take effect immediately on its passage and publication as required by law.

"Approved this 30th day of September, 1884.

"D. McGUIRE,
"*Mayor.*

"STATE OF NEBRASKA, ⎱ ss.
  "GAGE COUNTY, ⎰

. "I do hereby certify that the foregoing ordinance was passed by the mayor and city council of Wymore, Neraska, at a meeting held by them at 8 o'clock P.M. on the 30th day of September, 1884.

  "[SEAL.]                         T. D. COBBEY,
                                        *"City Clerk."*

*Burke & Prout,* for relator.

*A. D. McCandless,* for respondent.

MAXWELL, J.

The relator is treasurer of school district No. 114, of Gage county, and the respondent is treasurer of the city of Wymore, which is embraced within the limits of school district No. 114. This is an application for a mandamus to compel the respondent to pay to the relator as treasurer of said school district "all fines, penalties, and license moneys paid into his hands by virtue of the rules, by-laws, or ordinances of said city."

The respondent in his answer states "that the sum of money, to-wit, six hundred and seventy-six dollars and thirty cents, now held by him and claimed by the relator, was not realized or collected from any fine, penalty, or license money, and does not belong to the school fund of said district, but was collected as an occupation tax under Ordinance No. 2 of said city."

There is a stipulation in the record " that the money described in relator's application or petition was collected by respondent, as alleged by him in the second count of his answer, as a license tax upon the occupation of saloon keepers or dealers in intoxicating liquors under and by virtue of the ordinance of the city of Wymore, attached to respondent's answer;" that is, the authorities of the city of Wymore

fixed the sum to be paid for a license at $1,000, but provided that one-half of this sum should be paid to the school district and one-half into the city treasury.

The question presented is the authority to divert one-half of the money thus received into the city treasury. It will be observed that the entire sum of $1,000 is required to be paid by the applicant for license to enable him to obtain the same. No part of this sum is obtained as a tax, but as a condition of obtaining the license. The $1,000 is paid as a whole for the license—not a part for license and a part as tax, because without the payment of the entire sum the license would not be issued. We must hold, therefore, that the money in question is derived from licenses and not as taxes, and, under the provisions of section 5, Art. VIII., of the constitution, belongs to the school district and not to the city. Other questions are discussed in the defendant's brief, but as they are not raised by the record they need not be considered. A writ of mandamus will issue as prayed.

WRIT ALLOWED.

THE other judges concur.