THE STATE OF NEBRASKA, EX REL. J. S. GRABLE, TREASURER OF CITY OF BEATRICE, V. E. J. RODERICK, TREASURER OF GAGE COUNTY.

| 23 | 505 |
| 25 | 630 |
| 23 | 505 |
| 29 | 291 |

Mandamus by City Treasurer against County-Treasurer.
Where a county treasurer has collected and holds in his hands moneys belonging to a city, and upon demand of the treasurer of such city refuses to pay the same, he may compelled by mandamus to make such payment. In such case the city treasurer is not compelled to bring an action on the county treasurer's bond to recover the amount due.

ORIGINAL application for mandamus.

*Pemberton & Bush*, for relator, cited: Comp. Stat, Sec. 169, Ch. 77. Desty Taxation, 521. High Ex. Leg. Rem., Sec. 35. *State v. Fyler*, 48 Conn., 145.

*R. S. Bibb*, for respondent, cited: *Commissioners v. Cavanaugh*, 19 N. W. R., 413. 43 N. J. Law, 389. 40 Cal., 280. 44 Iowa, 458.

MAXWELL, J.

This is a proceeding by mandamus to compel the defendant to pay to the relator certain money in his hands alleged to be due the city of Beatrice. The relator alleges in his petition that he is now, and has been for more than two years last past, the duly elected, qualified, and acting treasurer of the city of Beatrice, in Gage county, which is a city of the second class having more than 5,000 inhabitants, and organized and existing as a corporation under and by virtue of the laws of this state; and that the defendant, E. J. Roderick, is the duly elected, qualified, and acting treasurer of the county of Gage, which is a duly organized county in said state of Nebraska; and that the defendant has been such treasurer of said county for more

than two years last past, and from the 6th day of January, 1886, to the present time; that as such treasurer of said Gage county, Nebraska, the defendant, during the fiscal year 1886, that is, from January 7, 1886, to January 7, 1887, collected and received taxes for all purposes and from all funds, amounting in the aggregate to the sum of $246,946.85; that of said amount the sum of $98,-470.91, belonged to the various school funds and institute and school land funds, and includes everything in any manner pertaining to school purposes or school lands; and that of said aggregate amount of $246,946.85 the sum of $10,044.77 were city taxes, belonging to the city of Beatrice, in said Gage county, Nebraska; that it was and is the duty of said defendant, as treasurer of said county, to pay over to plaintiff, as treasurer of said city of Beatrice, on demand, all of said sum of $10,044.77 belonging to said city, except the amount due him, defendant, as fees for collecting the same; that of the said sum belonging to said city, defendant has only paid plaintiff the sum of $9,040.30, and neglects and refuses to pay plaintiff the balance of said amount, or any part thereof, and still keeps and retains the balance of said sum, amounting to $1,004.47, although plaintiff has demanded of him to pay such part of said sum to plaintiff, as he, defendant, is not entitled to keep as his fees for collecting said taxes; that of the balance of said city taxes of 1886 collected and held by defendant as treasurer of said county, plaintiff, as treasurer of said city, is entitled to receive the sum of $784.67, all of which defendant refuses to pay over to plaintiff, although plaintiff has demanded of him that he do so. Plaintiff further says that, during the fiscal year from January 6, 1887, to January 4, 1888, the defendant, as treasurer of said Gage county, Nebraska, collected and received taxes for all purposes and from all funds, amounting in the aggregate to the sum of $248,408.58; that of said amount the sum of $100,079.08 belonged to the various school

funds and institute and school land funds, including all taxes and receipts of money belonging in any manner, or in any way appertaining, to school funds or school lands; that of said aggregate amount of $248,408.58, the sum of $14,914.24 were city taxes and belonged to the city of Beatrice, Gage county, Nebraska, of which city this plaintiff is treasurer; that it was and is the duty of said defendant, as the treasurer of said Gage county, Nebraska, to pay over to this plaintiff, as treasurer of said city of Beatrice, on demand, all of said sum of $14,914.24 belonging to said city as aforesaid, except the amount due him, defendant, as fees for collecting said city taxes; that of said sum of $14,914.24 belonging to said city of Beatrice, the defendant has only paid plaintiff $14,296.48, and still keeps and retains the balance of said sum, amounting to $617.76, and refuses and neglects to pay over the same or any part thereof to this plaintiff, although plaintiff has made demand upon him to pay over to plaintiff all of it, except what he, defendant, is entitled to retain as fees for collecting said city taxes; that the part thereof which defendant is entitled to retain as such fees does not exceed the sum of $326, and plaintiff is entitled to at least $291.76 of said amount, as treasurer of said city of Beatrice as aforesaid. Plaintiff therefore prays that a writ of mandamus may issue, commanding and requiring the defendant, as treasurer of Gage county, Nebraska, to pay over to plaintiff, as treasurer of the city of Beatrice, in said county, the balance of the taxes belonging to said city of Beatrice now in the hands of said defendant, except such part thereof as defendant is entitled to retain as his fees for collecting said city taxes, said amount being as follows: Of the taxes collected for the fiscal year from January 7, 1886, to January 7, 1887, over and above the fees defendant is entitled to, $784.67, of the taxes collected for the fiscal year from January 6, 1887, to January 4, 1888, over and above the fees defendant is entitled to, $291.76, etc.

The defendant demurred to the petition, on the ground that the facts stated therein were not sufficient to entitle the relator to the relief prayed for.    The attorneys for the defendant contend that the proper remedy is an action on the treasurer's bond, and that proceedings by mandamus will not lie.

Section 169 of chapter 77 of the Compiled Statutes makes it the duty of a county treasurer to pay to the proper authority of a city, village, etc., the amount of taxes and special assessments due to such city, village, etc.

In *State v. Gandy*, 12 Neb., 232, this court granted a writ of mandamus to compel the payment of certain county warrants, held by the relator in that case, it being conceded that there were sufficient funds in the county treasury for that purpose.    And in *State v. Scott*, 15 Neb., 147, it was held that a mandamus would issue to compel the county treasurer to pay out the county money of the appropriate fund upon a county warrant according to its face.    And in *State v. Leidtke*, 12 Neb., 171, it was held that mandamus was the proper proceeding to compel the payment of the fees collected by the auditor in making "statements for publication for life insurance companies and procuring the same to be. published, and issuing duplicate certificates for both fire and life insurance companies."    These cases seem to be conclusive as to the right of the relator to the relief prayed for.    Where a county treasurer has funds in his hands belonging to a municipality, it is the duty of such treasurer to pay such funds to the party entitled thereto.    This duty is imposed by the statutes, and in case the treasurer fails to perform his duty in that regard, he may be compelled by mandamus, and the party entitled to the money is not compelled to resort to the slow and circuitous remedy of an action on the treasurer's bond.    Such a remedy in many cases is not an adequate one.

The question of the amount of fees to which the defend-

ant is entitled for collecting the taxes of the city of Beatrice is discussed to some extent in the briefs of both of the attorneys, but as the attorneys for the defendant asked the court, in case the demurrer was overruled, to grant leave to answer and state the facts constituting the defense, we will not construe the statutes relating to fees of the county treasurer until the final submission of the cause. The demurrer is overruled, and the defendant, upon payment of costs since the filing of the demurrer, has leave to answer within ten days from this date.

ORDER ACCORDINGLY.

THE other judges concur.