STATE, EX REL. SCHOOL DISTRICT No. 11, DAKOTA
COUNTY, v. W. S. WHITE.

[FILED APRIL 1, 1890.]

1. **Schools:** LICENSE MONEY: DISTRIBUTION.  Where a portion
of more than one school district is within the limits of an incor-
porated village, the moneys received by its corporate authorities
for liquor licenses will be equally divided between such dis-
tricts.

2. ———: ———: VILLAGE TREASURER: MANDAMUS.  When such
moneys have been received by the village treasurer, who, upon
demand, refuses to pay the amount belonging to the district en-
titled thereto, such district may by *mandamus* compel him to
pay the same.

ORIGINAL application for *mandamus*.

*William Leese,* and *King & Flower,* for relator, cited : *City
of Hastings v. Thorne,* 8 Neb., 163 ; Const., art. 8, sec. 5 ;
Comp. Stats., chs. 79, 44, sec. 10.

*J. B. Barnes,* and *Jay Bros., contra.*

NORVAL, J.

This is an original application for a *mandamus* to com-
pel the respondent to pay over certain moneys received by
him as treasurer of South Sioux City, as license money
for the sale of liquors in said village.  The following are
the undisputed facts : That on or about the 4th day of
January, 1887, the village of South Sioux City was incor-
porated and has been ever since an incorporated village ;
that the defendant is now and has been for more than a
year last past the treasurer thereof ; that on the 23d day
of June, 1887, an ordinance of said village was passed
regulating the sale of malt, spirituous, and vinous liquors,
which required the sum of $500 to be paid as a license fee ;

that on May 15, 1889, there was paid to the defendant, in his official capacity as treasurer, the sum of $5,500 as license money under the provisions of said ordinance; that school districts No. 11 and No. 39 are organized school districts of said Dakota county and have been so organized for several years past; that the village of South Sioux City contains within its boundaries a part of said school districts No. 11, 23, and 37, and also a portion of school district No. 23, and that a part of each of said districts extends outside of the limits of said village; that twenty forty acre blocks are contained in district No. 37, twelve and one-half forty acre blocks, of district No. 11, and six forty acre blocks of district No. 23 are within the village limits; that the school house in district No. 37 is situated within the village, while those of the other districts are located outside; that the saloons from which said moneys were received are all within district No. 11.   On the 24th day of October, 1889, a demand was made by the treasurer of district No. 11 upon the defendant for said money, who refused to pay the same or any part thereof, claiming that under the provisions of section 5 of article 11 of the constitution the relator was not entitled to any portion of said license money.                      ·

The respondent urges the following objections to the granting of the writ:

1. The relator is not entitled to the money.

2. That the action should have been brought against the village of South Sioux City instead of its treasurer.

3. *Mandamus* is not the proper remedy.

4. The relator cannot maintain the action.

We will notice these objections in their order.   The principal point presented by the record is, Which district is entitled to the money?   This question has been practically answered by the decision of this court in *State, ex rel. Primmer, v. Brodboll*, 28 Neb., 254.   That was a case where part of three school districts were within the limits

19

of the village of Lindsay, in Platte county, and the school house in each district was outside of the corporate limits. It was there held that the districts were entitled to an equal division of the money received by the corporate authorities of the village for liquor licenses. In the opinion in that case the court says that "the license moneys are to be applied to the support of the schools of the corporation. In other words, the school districts of the municipality are to receive the money. There is no requirement that the school house, or when there is more than one, the school houses, shall be situated within the municipality. * * There is no provision of the statute, in such case, for dividing the license moneys among the schools in proportion to the number of scholars for each school district, nor to make the division in proportion to the extent of the territory of each. It should therefore be applied equally among the districts." Notwithstanding school district No. 37 has a school house within the limits of the village, it is not entitled to all the money arising from the licensing of saloons in the village. The schools in districts No. 11 and No. 23 are as much schools of South Sioux City as that of the other district. They are all schools of the corporation.

The fact that the saloons from which the money in controversy was received are situated in school district No. 11 does not entitle it to all the money. We are of the opinion that in the distribution of these funds the location of the saloons and school houses should not be taken into consideration. It follows that the money in the hands of the respondent should be divided equally between the three districts.

It is urged that the action should have been brought against the village, for the reason that the respondent can pay money only on warrants drawn on him, signed by the chairman of the board of trustees, and countersigned by the village clerk. While that is true of funds belonging to the corporation, it has no application when moneys are

received for the license of saloons. Such moneys do not belong to the village. The constitution appropriates license moneys arising under the ordinance of a village exclusively to the use and support of the common schools, of such village. When received by the village treasurer it becomes his duty at once to pay the same over to the treasurer of the school district, and if, as in this case, there are parts of more than one school district within the limits of the village, to divide the same equally between the districts. The respondent, as shown by the stipulation of facts, received the money, and having refused on demand to pay the relator its share of the same, he is properly made defendant. (*State, ex rel., Grable v. Roderick*, 23 Neb., 505; *State v. Wilcox*, 17 Id., 219; *School District v. Saline County*, 9 Id., 405.)

There is considerable discussion by counsel in the brief of respondent that *mandamus* will not lie, because the money was all paid to school district No. 37 by the defendant before the relator made any claim thereto. It is claimed that it is beyond the power of the respondent to comply with the command of the writ if issued. If he made payment to the wrong party, he did so at his peril, and such payment is in no way a defense to this action. That *mandamus* is the proper remedy is no longer an open question in this state. The writ has been allowed in numerous cases to compel a public officer to pay over public funds in his hands to the party entitled thereto. Besides, this court decided the question in *State, ex rel. Grable, v. Roderick, supra,* holding that *mandamus* will lie.

The only question that remains to be considered is, Can school district No. 11 maintain the action? It is contended by the respondent that the action can only be brought in the name of the county treasurer. Two of our own cases are cited holding that that officer may bring the suit. (*City of Tecumseh v. Phillips*, 5 Neb., 305; *Herman v. City of Crete*, 9 Id., 351.) Both of these cases were for the recov-

State, ex rel. Sch. Dist.. v. White.

ery of moneys collected for licenses issued prior to the adoption of the present constitution. Under the law as it then existed all moneys received for a license for the sale of liquors belonged to the school fund of the county. (Gen. Stat., 851, sec. 572.) The money had to be paid to the county treasurer for distribution among the school districts of the county. Until apportioned by the county superintendent it was not known what part belonged to any particular district, hence the district could not maintain an action to recover the same. Under the law then existing the court properly held that the county treasurer could bring suit to collect license moneys. But by sec. 5, art. 8, of the constitution of 1875 all license money collected under the ordinances of the village belongs to the schools of such village. Such moneys require no apportionment by the county superintendent. All fines and license moneys arising under the general laws of the state must, under the present constitution, be paid to the county treasurer, and if not so paid he may bring suit therefor. Sec. 29 of the Civil Code authorizes an action to be prosecuted in the name of the real party in interest, and as we have already shown, at least to our own satisfaction, that in this case one-third of the moneys in controversy belong to the relator, it therefore has such an interest that it can maintain this action.

As it appears that the relator claimed the whole sum of $5,500, and that the respondent acted in good faith in refusing to pay any part thereof, costs will not be taxed against the defendant. He is ordered to pay the costs out of the said moneys and divide the balance equally between the three school districts.

WRIT GRANTED ACCORDINGLY.

THE other judges concur.