GRANT GUTHRIE, TREASURER OF THE VILLAGE OF
HARRISON, V. STATE OF NEBRASKA, EX REL.
SCHOOL DISTRICT NO. 7, SIOUX COUNTY.

FILED APRIL 7, 1896.    No. 6248.

1. School Districts: INTOXICATING LIQUORS: LICENSE FEES.
Moneys arising from a license granted by a village for the
sale of intoxicating liquors belong to the school district
in which such village is located, and must be applied to
the support of the common schools in said district.

2. ——: ——: ——: MANDAMUS.  *Mandamus* will lie to
compel a village treasurer to pay such moneys to the
proper school district, even before the expiration of the
municipal year for which such license was issued.

ERROR from the district court of Sioux county.
Tried below before BARTOW, J.

*H. T. Conley*, for plaintiff in error.

*C. H. Bane* and *D. B. Jenckes*, contra.

NORVAL, J.

On the 1st day of May, 1893, the proper munici-
pal authorities of the village of Harrison, in Sioux
county, issued a license to one Isador Richsten to
sell intoxicating liquors within the corporate lim-
its of said village for the municipal year ending
May 1, 1894.    The applicant paid to Grant Guth-
rie, the respondent, as treasurer of said village,
the license moneys required by ordinance, to-wit,
the sum of $500.    The relator, School District No.
7, of Sioux County, is located and embraced within
the corporation limits of said village of Harrison,
and is the only school district located within the
limits of said village.    On May 12, 1893, the school

district demanded said license moneys from respondent, and upon his refusal to pay over the same an application for a *mandamus* was presented to the court below. From an order granting a peremptory writ the defendant prosecutes error.

Section 5, article 8, of the constitution of this state declares: "All fines, penalties, and license moneys arising under the general laws of the state shall belong and be paid over to the counties respectively where the same may be levied or imposed, and all fines, penalties, and license moneys arising under the rules, by-laws, or ordinances of cities, villages, towns, precincts, or other municipal subdivision less than a county shall belong and be paid over to the same respectively. All such fines, penalties, and license moneys shall be appropriated exclusively to the use and support of common schools in the respective subdivisions where the same may accrue." Frequently the foregoing provisions have been before us for consideration, and in an unbroken line of decisions it has been held that all moneys arising from licenses granted by cities or villages for the sale of intoxicating liquors, since the adoption of the present constitution, belong to the school district in which the municipality granting the license is situated, and must be appropriated exclusively to the support of the common schools in said district (*State v. McConnel*, 8 Neb., 28; *City of Hastings v. Thorne*, 8 Neb., 160; *School District v. Saline County*, 9 Neb., 403; *State v. Wilcox*, 17 Neb., 219); and where parts of more than one district are within the limits of the municipality issuing such license, the license moneys will be divided in equal parts between such districts. (*State v. Brodball*, 28 Neb., 254; *State v.*

*White*, 29 Neb., 288.) The constitution and these authorities alike settle the right of School District No. 7 to the moneys in controversy.

The only proposition urged by the respondent in opposition to the granting of the writ is that the license moneys do not belong to the school district as soon as paid into the village treasury and the license is issued, but that the licensee retains an interest in the unearned portion of the moneys, and hence the respondent would not be justified in paying the same to the relator faster than the money is earned. This argument is based upon the fact that this court has held that where a liquor license is canceled or revoked through no cause or fault of the licensee, he is entitled to a repayment *pro tanto* of the amount paid therefor for the unexpired term of the license. (*State v. Cornwell*, 12 Neb., 470; *Lydick v. Korner*, 15 Neb., 501; *State v. Weber*, 20 Neb., 473; *Chamberlain v. City of Tecumseh*, 43 Neb., 221.) With these cases we find no fault, but they are not applicable to the case under consideration. There is no claim here that Richsten's license has been annulled for any cause, nor has it been made to appear that there is even a remote possibility of its being canceled through any cause not the fault of the licensee. Had such a showing been made, it is probable that the court below, in the exercise of a sound discretion, would have denied the writ. We cannot anticipate that the license will be revoked. On the contrary, the presumption must be indulged that the license was legally granted, and that it will not be annulled. In case the respondent had paid the money to the relator, and the license had been subsequently revoked, the respondent would be protected. He would not be liable for the repay-

ment of the money to the licensee. This was held in *Lydick v. Korner*, 15 Neb., 501. So soon as the respondent received the money and the license was granted, no appeal therefrom being taken, it was his duty immediately to pay the money over to the treasurer of the school district. The decision of the district court is

AFFIRMED.