ADAM KAS, SR., V. STATE OF NEBRASKA, EX REL. SCHOOL DISTRICT NO. 1, SARPY COUNTY.

FILED JANUARY 8, 1902.    No. 10,862.

Commissioner's opinion, Department No. 2.

1. **Mandamus:** ALTERNATIVE WRIT. Issuance of a new alternative writ in mandamus proceedings, for the purpose of amendment under section 653, Code of Civil Procedure, does not amount to the commencement of a new action.

2. **Against Officer After Term Expired.** Where the duty sought to be enforced by mandamus proceedings is imposed upon the respondent himself, and does not devolve upon his successor in office, so that the expiration of his term of office does not relieve him of the duty, the writ may issue after such term has expired.

3. **School Districts Within Municipality:** LICENSE MONEY: DISTRIBUTION. It is the plain meaning of section 28, chapter 80, Compiled Statutes, 1901, that, where portions of more than one school district are included in the corporate limits of a municipality, license moneys accruing therein are to be distributed among said districts in proportion to the number of persons of school age in the whole of each district, not merely in those portions of each district which are within the corporate limits.

4. **Construction:** CONSTITUTION. Such construction is not repugnant to section 5, article 8, of the state constitution.

5. **Village Treasurer:** DISTRIBUTION. A village treasurer who distributes license moneys among school districts in whole or in part within the corporate limits in a different manner from that fixed by law, does so at his peril.

ERROR from the district court for Sarpy county. Tried below before KEYSOR, J. *Affirmed.*

*Will H. Thompson,* for plaintiff in error.

*William R. Patrick, contra.*

Pound, C.

Plaintiff in error, hereafter referred to as respondent, was treasurer of Fort Crook village, and as such had collected some $2,000 of license moneys. The territory of the village was comprised in two school districts, numbered 1 and 4, respectively, but the former seems to have included a relatively small portion and to have been mainly made up of territory in or adjacent to another village. The districts as a whole, however, were more equal in population, and district number 1 had within its limits somewhat the larger number of persons of school age. Instead of following the plain provisions of the statute, the respondent consulted the county superintendent, who took an unofficial census of the persons of school age in those portions of said several districts within the village limits, and advised apportionment of the money accordingly. The county superintendent also wrote to the officers of district number 1, advising them that the defendant held $545.45 of license moneys to which they were entitled, and suggesting that they draw it at once. Accordingly one of them received the money from defendant. But afterwards, on learning the amount to which their district was entitled, the officers of district number 1 made a demand for the remainder, and, on refusal, brought these proceedings. The district court granted a peremptory writ of mandamus, and its ruling is before us on error.

Respondent's term of office expired and he went out of office before the peremptory writ was awarded, and it appears, also, that the alternative writ upon which the cause was heard did not issue till after the expiration of his term. It is argued that the issuance of the new alternative writ was equivalent to beginning a new action, and that, whether or not judgment might have been rendered in proceedings begun during respondent's term, the cause was not maintainable when brought after he ceased to hold office. The new alternative writ was manifestly intended as an amended writ under section 653, Code of Civil Pro-

cedure. It is familiar practice to redraw the pleading to be amended and file the new one incorporating the amendments. Under the provisions of the Code an alternative writ of mandamus is a mere pleading, and we see no reason to think that the issuance of a new writ is not a proper mode of making the amendments allowed by the section referred to. Where the new writ is and is intended as an amended writ only, it can not be said that a new action has been begun. Moreover, this is clearly a case where mandamus proceedings are maintainable after the respondent's term of office has come to an end. Where the duty sought to be enforced is imposed upon the respondent himself and does not devolve upon his successor in office, so that the expiration of his term of office does not relieve him of the duty, the writ may issue after such term has expired. *State v. Shearer,* 29 Nebr., 477. Respondent had paid out all the license moneys in his hands. No part remained to be distributed by his successor. He had paid to one district moneys that legally belonged to the other, and, having done so in contravention of the express terms of the statutes, and at his peril, was under a duty of turning over to the latter the moneys it was legally entitled to. *State v. White,* 29 Nebr., 288. The expiration of his term of office did not relieve him of that duty. The money has never been in the custody of his successor.

The diligence of counsel for respondent, has raised a number of other questions which we do not think very material to a determination of this controversy. The express provisions of the statute, which now appears as section 28, chapter 80, Compiled Statutes, 1901, and the rulings of this court in *State v. Brodboll,* 28 Nebr., 254, and *State v. White, supra,* are conclusive. The language of the section in question is susceptible of but one meaning, namely, that where portions of more than one district are included in the corporate limits of a municipality, license moneys accruing therein are to be distributed among said districts in proportion to the number of persons of school age in

the whole of each district, as disclosed by the last school
census, and not in proportion to the number of such per-
sons in those portions of each district which are within
the corporate limits.   Prior to the enactment of this stat-
ute in 1895, the rule had been to distribute such moneys
equally among districts included in whole or in part in the
municipality.   *State v. White, supra.*   The sole change
made by the legislature was in making the distribution
depend on the number of persons of school age in the re-
spective districts.   Counsel argues that such construction
is repugnant to section 5, article 8, of the state constitution,
which requires such moneys to be "appropriated exclu-
sively to the use and support of common schools in the re-
spective subdivisions where the same may accrue."   But,
prior to the enactment of the statute, it had been settled
that where a municipality formed part of more than one
school district, each district, under a proper construction
of the constitution, was entitled to share in license moneys.
The opinion of Maxwell, J., in *State v. Brodboll,* 28
Nebr., 254, 258, shows conclusively that no other construc-
tion would be admissible.   All that the statute did was to
change the mode of apportionment among those school dis-
tricts to which the money is appropriated by the constitu-
tion.   If an equal distribution was constitutional, the dis-
tribution in proportion to the number of persons of school
age in each district must be constitutional also.   The stat-
ute is so plain, and the prior decisions of this court were
so emphatic and unequivocal, that we fail to see any basis
for respondent's defense on the ground of estoppel.   If he
chose to be guided by the light of nature or the notions of
the county superintendent as to the equities of the situa-
tion, instead of the mandates of the law, he acted at his
peril.   *State v. White,* 29 Nebr., 288, 291.   The fact that
the officers of the relator took less than was due them does
not give rise to an estoppel so long as he must have known
that the district was entitled to more, and that its officers
could not consent to his paying its moneys to another dis-

In re Bissell.

trict. There was no occasion for him to make any mistake, and nothing done by relator was a sufficient excuse for his so doing.

We recommend that the decree be affirmed.

SEDGWICK and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.