STATE OF NEBRASKA, EX REL. SCHOOL DISTRICT, V. JOSEPH SAMS, VILLAGE CLERK.

FILED APRIL 21, 1904. No. 13,537.

1. **Act Constitutional.** The provisions of section 28, chapter 80, Compiled Statutes, are not in conflict with section 5, article 8 of our constitution. *Kas v. State*, 63 Neb. 581, followed.

2. **Title to Act:** REPEAL. Where the title to an act states a general subject, coupled with a proposed repeal of laws not within such general subject, the act will be held void as to such attempted repeal, when it is clear that the provisions for the repeal were not the inducement to the general provisions of the act. *State v. Lancaster County*, 17 Neb. 85.

3. ———: ———. The title of an act approved April 1, 1899, is "An act to provide for the registration, leasing, selling and general management of the educational lands of Nebraska, to provide for the collection of rental, interest and principal payments thereon, and for the distribution of the funds arising therefrom; and to repeal chapter 80, Compiled Statutes of 1897." The act, in terms, repeals the chapter referred to, but reenacts certain sections

thereof, the subjects of which are not within its title.  *Held*, That such sections continue in force.

4. **Mandamus: Answer: Demurrer.**  A demurrer to the answer to a writ of mandamus will be overruled, if the writ fails to show refusal or neglect to perform an official duty, the act demanded not appearing either by the writ or answer to be a duty of the respondent.

5. **Dismissal.**  In such case, it is not error for the trial court to dismiss the action and render judgment against relator for costs, upon overruling such demurrer, when no offer or request for leave to amend the writ is made.

Error to the district court for Saunders county: Samuel H. Sornborger, Judge.  *Affirmed.*

*J. L. Sundean,* for plaintiff in error.

*Simpson & Good, contra.*

Glanville, C.

The relator brought mandamus to compel respondent to pay over to it one-half of the sum of $1,000 for saloon licenses in the village of Colon in Saunders county.  The territory included in the corporate limits of such village is comprised within two school districts, the relator and one other.  The respondent's answer to the writ set up the defense that, by the last school census, the number of children of school age in the relator district is shown to be 23, and that of the other district 56, and that therefore, under the law, the relator was entitled to but $291.15 which the respondent was ready and willing to pay upon demand.  The relator demurred to the answer and return. The district court overruled the demurrer and gave judgment dismissing the action at relator's cost.  The relator brings the cause before us upon the following assignments:

"1. The court erred in overruling demurrer to the defendant's answer.  2. The court erred in rendering judgment for defendant, denying the writ of mandamus on the pleadings without testimony.  3. The judgment is not sustained by the evidence.  4. The judgment is contrary to

law.  5. The court erred in overruling plaintiff's motion for a new trial."

It is contended that the return is demurrable because section 28, chapter 80 of the Compiled Statutes of 1903, upon which the sufficiency of the answer depends, is not the law for two reasons: first, because it is directly contrary to certain provisions of the constitution; and, second, because this section having been a part of chapter 80 of the Compiled Statutes of 1897 at the time of the passage of the act of 1899, entitled "An act to provide for the registration, leasing, selling and general management of the educational lands of Nebraska, to provide for the collection of rental, interest and principal payments thereon, and for the distribution of the funds arising therefrom; and to repeal chapter 80 of the Compiled Statutes of 1897," was repealed by such act; and it is contended the reenactment of the section in question, as section 28 of the new act, was unconstitutional, the section not being germane to the subject, nor within the title of the new act.  The section is as follows:

"In cities and villages whose corporate limits form, in whole or in part, more than one school district, all money derived from fines, penalties and licenses, shall be apportioned to the several districts in proportion to the number of persons of school age residing in each district, included in whole, or in part in said corporate limits, according to the school census taken last before any such apportionment."  The first reason urged for holding it invalid is disposed of in the case of *Kas v. State,* 63 Neb. 581, where the identical question was raised.  The decision in that case sustaining the statute is satisfactory, and we adhere to the ruling without further argument.

Chapter 80 of the Compiled Statutes of 1897 is divided into four articles, and is made up of chapter 71 of the session laws of 1897, the title being "An act to amend chapter 80, of the Compiled Statutes of 1895, relating to school lands and funds, to prevent the further sale of school lands, and to repeal said original chapter 80, Com-

piled Statutes of 1895." Article I contains provisions
prohibiting the sale of school lands, providing for ab-
stracts, appraisements, reappraisements, payment for and
removal of improvements, payments of interest and prin-
cipal on old contracts, and general provisions in regard to
the leasing of school lands, collection of rentals, and the
investment of the funds. Article II, entitled "School
Funds," contains the provisions of an act of 1869, covering
unclaimed fees and costs, and fines and penalties, into the
school fund; an act passed in 1895 containing the section
in controversy; an act contained in the general statute of
1873, providing for the payment of what is known as the
5 per cent. fund received from the United States into the
school fund; an act of 1877, authorizing suits for the col-
lection of securities held for investments belonging to the
school fund; an act of 1879, providing for turning moneys ·
collected upon judgment in favor of the state into the
school fund; and an act of 1887, providing for stamping
bonds belonging to the permanent school funds so as to
show to what they belong. Article III contains the pro-
visions of an act of 1879, providing for refunding taxes
paid upon school land. Article IV contains laws enacted
in 1875, 1877 and 1879 as amended in 1897, together with
a clause repealing chapter 80 of the Compiled Statutes of
1895. The act of 1899 in its new provisions covers the
entire subject contained in article I of the act of 1897;
reenacts all the sections in article II; omits all of articles
III and IV, and repeals chapter 80 of the Compiled Stat-
utes of 1897, and all acts in conflict with the new act.

The theory upon which we are asked to hold the law
invalid is that its subject is not included within the title;
that the act of 1899 was not an amendment to chapter 80,
but was the enactment of a new and independent statute
covering a part only of the ground covered by the old
chapter, and that all of the reenacted provisions that are
not within the title are wiped out by the repeal, notwith-
standing the attempted reenactment. We think there are
at least two theories, either of which would sustain the

statute in question. One is that the importance of the
laws that would be thus wiped out is so obvious and great
as to indicate that their retention was a part of the in-
ducement to the passage of the act as framed, and that, if
they can not be sustained as a part thereof, the entire act
must fall with them, and the law stand as theretofore.
The second is, that if the subject matter of these sections
is so foreign to the title of the act as to render their re-
enactment void for this reason, then the act is in part bad,
because to repeal numerous acts of the legislature, the sub-
jects of which are not germane to the main title of the act
in question, makes the act cover more than one subject,
that is, the object stated in the title, and the pro-
vision in the bill for the repeal of the entire chapter 80,
covers a subject foreign to the main subject disclosed by
the title. The result of this would be to allow the act, in
so far as it enacted provisions covering the entire subject
previously embraced in article I of chapter 80, to stand as
a new, complete act, and, by implication, repeal the pro-
visions of article I, in so far as they are in conflict there-
with, and to hold the positive repealing clause of the en-
tire chapter void, and yet not an inducement to the act,
because the intention to preserve the provisions of article
II by an attempted reenactment would show that their
repeal was not an inducement to the other part of the act.
Either of these theories, if adopted, defeats the contention
of the relator, but they would have different effects upon
other portions of the law. The adoption of the first theory
would reinstate the provisions of article I, which were
intended to be changed, and also the provisions of articles
III and IV, which were intended to be wiped out by the
act. The adoption of the second theory would substitute
the new provisions for such article, continue article II,
and reinstate articles III and IV. This second theory is
practically the one adopted by this court in *State v. Lan-
caster County*, 17 Neb. 85, where it is held: "A provision
in an amendatory act repealing an act not connected with
the subject of the amendment is void." The case involved

46

chapter 80 of the Compiled Statutes as it then existed.
The title of the act involved in that action showed that its
subject was to amend article I, and to repeal article III of
this chapter, and the repealing clause repealed articles I
and III. After discussing the case and concluding that
the act embraced more than one subject, it was found that
the second subject, that is the repeal of article III, was
not an inducement to the passage of the act, and that it is
possible to determine which part of the act might stand.
It is said in the opinion:

"That portion of the act, therefore, by which it was
sought to repeal the act which took effect February 20,
1879, for the repayment of taxes levied on lands the legal
title of which is in the state is not repealed. Except where
a statute is amended, and the statute as it existed prior to
the amendment repealed, a law not connected with the
subject of the act amended can not be repealed by a pro-
vision in the nature of a rider upon an independent act.
The attempted repeal is therefore a nullity."

Whether or not it is possible to adopt a theory which
will hold in force the reenacted provisions which were
contained in article II of the chapter in question, and at
the same time sustain the repeal of articles III and IV of
the chapter, is not raised in this case. The effect of the
act of 1899 upon articles III and IV will be determined
when a case arises calling for such determination.

We now turn to the other contention, that the court
erred in giving judgment against relator upon overruling
its demurrer to the return. It is well established that a
demurrer to a pleading searches the entire record, and that
judgment should go according to the case made by such
record. In section 493 of High, Extraordinary Legal
Remedies (3d ed.), it is said:

"The familiar rule of pleading, that a demurrer reaches
back to the first fault committed by either party, applies
with especial force in cases of mandamus. On demurrer
to the return, it is therefore competent for the respondent
to avail himself of any material defect in the alternative

writ, * * * the demurrer being carried back to the first defective pleading." *People v. Ransom,* 2 N. Y. 490; *Commercial Bank v. Canal Commissioners,* 10 Wend. (N. Y.) 25, and *State v. McArthur,* 23 Wis. 427, are referred to as sustaining the text.

In *Commercial Bank v. Canal Commissioners, supra,* it is said:

"Upon referring to the mandamus, as set out in the record, it shows no right in the relators whatever to the money which the writ commands these defendants to pay. Perhaps it was sufficient in this case, in the writ, to refer to the order and assignment annexed to the affidavits on file, to ascertain *what* the defendants were required to pay; but the facts showing *why* they ought to pay that sum, should appear in the writ, clearly and distinctly; so that the facts there alleged might be admitted, or traversed. *Peat's Case,* 6 Mod. Rep. (Eng.) 310; *Rex v. College of Physicians,* 5 Burr. (Eng.) 2742. It may sometimes be allowable to refer to extrinsic facts to ascertain precisely what is claimed in a suit; but the reasons why it is claimed must always appear upon the record, to enable the court to judge of their validity. As the mandamus was defective in substance, I am satisfied that judgment was properly given for the defendants on the demurrer to the return."

In section 493 above referred to it is said:

"So when the alternative writ is defective in not showing that the act which it is sought to coerce is the specific duty of the officer at whose hands its performance is required, a demurrer to the return will be sustained as a demurrer to the writ itself."

This rule is sustained in *State v. McArthur, supra.* In the case before us, the writ is defective in that it recites a demand for one-half of the fund in question, without pleading facts which under the law show that it is entitled to one-half, or to any other specific or particular portion thereof. Before a relator is entitled to a writ against a public officer to compel the performance of some

duty, he must show a duty neglected or refused under circumstances requiring its performance. The only demand and refusal pleaded in this instance is a demand for one-half of the sum, and a refusal to comply with this specific demand. No writ should be awarded to compel the respondent to pay any other sum simply because in his return he admits that he has such sum and is ready to pay it over when called for, no demand and refusal in respect to such sum being pleaded in the writ. The case is made clearly and only for the purpose of determining, whether or not the relator is entitled to one-half of the fund, under its contention as to the law governing the question involved. We hold against such contention, and relator has failed to plead facts which, under the law as we find it to be, show it to be entitled to the sum demanded. The record brought up by the respondent fails to show that it sought, or asked leave, to amend the writ under the provisions of section 653 of the code; neither is there anything to indicate that it desired or offered to introduce evidence to disprove any of the allegations of the return. The question which the case was brought to determine was rightly decided against the relator.

We recommend that the judgment of the trial court be in all things affirmed.

FAWCETT and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.