SCHOOL DISTRICT NO. 54 OF DOUGLAS COUNTY, NEBRASKA, EX REL. DENNIS P. HOGAN, JR., APPELLANT AND CROSS-APPELLEE, v. SAM J. HOWELL, TREASURER OF THE CITY OF OMAHA, DOUGLAS COUNTY, NEBRASKA, APPELLEE AND CROSS-APPELLEE, SCHOOL DISTRICT NO. 54 OF DOUGLAS COUNTY, NEBRASKA, INTERVENER-APPELLEE AND CROSS-APPELLEE, SCHOOL DISTRICT OF OMAHA, IN THE COUNTY OF DOUGLAS, IN THE STATE OF NEBRASKA, INTERVENER-APPELLEE AND CROSS-APPELLANT, SCHOOL DISTRICT NO. 66 OF DOUGLAS COUNTY, NEBRASKA, INTERVENER-APPELLANT AND CROSS-APPELLEE.

110 N. W. 2d 52

Filed June 16, 1961. No. 34977.

McGowan & Troia, Ross & O'Connor, Clayton H. Shrout, and Wells, Martin, Lane, Baird & Pedersen, for appellants.

W. Ross King and Seymour L. Smith, for appellee School Dist. of Omaha.

Herbert M. Fitle, Bernard E. Vinardi, Irving B. Epstein, Frederick A. Brown, and Benjamin M. Wall, for appellee Howell.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action by School District No. 54 of Douglas County, Nebraska, ex rel. Dennis P. Hogan, Jr., plaintiff and appellant herein, against Sam J. Howell, Treasurer of the City of Omaha, Douglas County, Nebraska, for an accounting of all fines, penalties, and license money on hand arising under the ordinances of the city of Omaha, Douglas County, Nebraska, and for judgment against the defendant for one-third of that amount and the costs of suit. School District No. 54 ex rel. Dennis P. Hogan, Jr., is the named plaintiff. School District No. 54 as such entered the case by petition of intervention and prayed for the same relief as the plaintiff. There is no contention that their interests are adverse.

In the action School District No. 66 of Douglas County, Nebraska, filed a petition of intervention in which it prayed for the same character of relief as did the plain-

tiff, and for a like division of funds. It is an intervener and an appellant herein and will be referred to as District No. 66.

The School District of Omaha filed a petition of intervention and answers to the petitions of Districts Nos. 54 and 66, and prayed for an accounting of the fines, penalties, and license money in the hands of the defendant or to be received by him, and for judgment for the full amount. This intervener will be referred to as the Omaha District.

The defendant filed an answer concerning which it is necessary to say only that he denied the allegations of the plaintiff and the petitions of intervention. It is interpolated here that at the conclusion of the trial he was in the position of a stakeholder ready to respond to whatever judgment should be rendered with regard to the funds in controversy.

Other pleadings were filed but nothing is required as to them except to say that issue was joined and the case tried on the question of what party or parties were entitled to the distribution of the funds to which reference has been made which were collected by the defendant under the ordinances of the city of Omaha, Douglas County, Nebraska.

The case was tried to the court and a judgment was rendered by which the defendant was commanded to pay over and credit to the Omaha District all money on hand and to be collected in the future.

The defendant filed a motion for new trial as did the plaintiff, District No. 54, and District No. 66. These motions were overruled. From the judgment and order overruling the motions for new trial the plaintiff and District No. 66 have appealed.

Hereinafter, for convenience, the plaintiff School District No. 54 ex rel. Dennis P. Hogan, Jr., and intervener School District No. 54 will be referred to as one party, District No. 54, as the interests are the same. In view of the joinder of the plaintiff and District No. 54 for the

further purposes of this opinion District No. 54 and District No. 66 will be treated as appellants and the Omaha District as appellee.

The basic matter to be determined in this case is the proper method for disposition and distribution of fines, penalties, and license money now in the hands and in the future to come into the hands of the treasurer of the city of Omaha, Douglas County, Nebraska, under the rules, bylaws, and ordinances of the city of Omaha.

Article VII, section 5, of the Constitution of the State of Nebraska, contains the following provision: "* * * all fines, penalties, and license money arising under the rules, by-laws, or ordinances of cities, villages, precincts, or other municipal subdivision less than a county, shall belong and be paid over to the same respectively. All such fines, penalties, and license money shall be appropriated exclusively to the use and support of the common schools in the respective subdivisions where the same may accrue, * * *." There is other substance in the section but it is of no significance in the matter before the court. It is further pointed out specifically that the section of which this is a part has been amended but the amendment has no effect upon this provision. The provision has existed unchanged since the adoption of the Constitution of 1875.

The parties appear to be in accord that proper disposition and distribution must be in accordance with the terms of and a proper application by the court of the provision quoted. The terms are not in doubt. By clear statement as applied to the situation presented these funds are to be appropriated to the use and support of the common schools in the city of Omaha. There is nothing however in this provision or any other constitutional provision which provides a formula for disposition and distribution in a case where there is more than one school district in the municipal subdivision.

The record in this case discloses factually that the city of Omaha is a metropolitan city and that there are three

school districts which are in part within and in part
without the city limits. One of these is the Omaha Dis-
trict, a Class V district. The other two are District No.
54 and District No. 66, Class III districts. A descrip-
tion of the respective areas of the districts is not deemed
of importance for the purposes of this opinion.

Districts Nos. 54 and 66 contend that a proper appli-
cation of the constitutional provision quoted requires
that the funds in question be distributed in equal parts,
or one-third to each of the three districts.

On the other hand the Omaha District contends that
it is entitled to all of the funds and that the other two
districts are entitled to none.

There was never any statutory formula for division
and distribution from 1875 and before 1895. Districts
Nos. 54 and 66 do not contend that there was. They
do not contend now that it is controlled by statute.
They base their contention on precedents which they
say are contained in the opinions in the following cases:
City of Hastings v. Thorne, 8 Neb. 160; State ex rel.
Primmer v. Brodboll, 28 Neb. 254, 44 N. W. 186; State
ex rel. School Dist. No. 11 v. White, 29 Neb. 288, 45 N.
W. 631; Guthrie v. State ex rel. School Dist. No. 7, 47
Neb. 819, 66 N. W. 853.

The first of these cases has no significant bearing on
the matters involved herein. The other three, for the
time when the decisions were rendered therein and for
a period thereafter, contained precedents for the divi-
sion and distribution insisted upon by Districts Nos.
54 and 66.

The decision in State ex rel. Primmer v. Brodboll,
*supra*, was rendered in 1889. In that case three school dis-
tricts were involved. They were all in part in the village
of Lindsay, Nebraska. The schoolhouses of all three were
outside the limits of the village. Whether or not addi-
tional area was outside is not disclosed. In the opinion
it was said: "There is no provision of statute in such
case for dividing the license moneys among the schools

in proportion to the number of scholars from each school district, nor to make the division in proportion to the extent of the territory of each. It should therefore be applied equally among the districts, and it is so ordered."

The case of State ex rel. School Dist. No. 11 v. White, *supra,* a case decided in 1890, had reference to a situation in the village of South Sioux City, Nebraska, wherein there were four school districts in part inside and in part on the outside of the village limits. By the opinion what was said in State ex rel. Primmer v. Brodboll, *supra,* as to division of funds was approved, and in addition it was said: "When received by the village treasurer it becomes his duty at once to pay the same over to the treasurer of the school district, and if, as in this case, there are parts of more than one school district within the limits of the village, to divide the same equally between the districts."

In Guthrie v. State ex rel. School Dist. No. 7, *supra,* a case decided by this court on April 7, 1896, the holding of the two cases previously discussed was approved. It is pointed out however that this case was based on a cause of action arising May 12, 1893. The importance of this will appear later herein.

Thus, as Districts Nos. 54 and 66 contend, these cases established a recognizable and recognized precedent for the division and distribution of funds where more than one school district was in whole or in part within the limits of a city or village.

That precedent was removed and disappeared in 1895. That removal and disappearance has been recognized by the decisions of this court. In 1895 the Legislature enacted Chapter 63, page 232, with an emergency clause. Section 1 of the act was as follows: "That in cities and villages whose corporate limite (limits) form, in whole or in part, more than one school district all money derived from fines penalties, and licenses shall be apportioned to these several districts in proportion to the

number of persons of school age residing in each district, included in whole or in part in said corporate limits, according to the school census taken last before any such apportionment."

In King v. State ex rel. School Dist. No. 1, 50 Neb. 66, 69 N. W. 307, a case decided December 16, 1896, this court recognized the existence and validity of the statute and, by clear reference to the cases containing the precedent for which Districts Nos. 54 and 66 contend, said: "This change in the statute necessitated the method of apportionment indicated by the language of the alternative writ, and with this modification the language of the opinions referred to is applicable to the case under consideration."

In Kas v. State ex rel. School Dist. No. 1, 63 Neb. 581, 88 N. W. 776, the provision of the statute was approved by the following language: "The language of the section in question is susceptible of but one meaning, namely, that where portions of more than one district are included in the corporate limits of a municipality, license moneys accruing therein are to be distributed among said districts in proportion to the number of persons of school age in the whole of each district, as disclosed by the last school census, * * *." In this case it was specifically held that the act was constitutional.

The holding in Kas v. State ex rel. School Dist. No. 1, *supra,* was approved in State ex rel. School Dist. v. Sams, 71 Neb. 669, 99 N. W. 544, in the manner following: "The first reason urged for holding it invalid is disposed of in the case of Kas v. State, 63 Neb 581, where the identical question was raised. The decision in that case sustaining the statute is satisfactory, and we adhere to the ruling without further argument."

In case it should be urged that Guthrie v. State ex rel. School Dist. No. 7, *supra,* contains an existing precedent which supports the position of Districts Nos. 54 and 66, it is pointed out again that the cause of action involved accrued long before the enactment of the statute, and

of course the rule prior thereto controlled the disposition of the case, and the case had no controlling significance after the statute was enacted.

This statute continued in force and effect until the adoption of the Nebraska statutory revision of 1913. It appeared last as section 10384, Cobbey's Ann. St. 1911, and as section 5852, Comp. St. 1911. It was not repealed directly by any act of the Legislature. It was omitted from the Revised Statutes of Nebraska, 1913. Research has not disclosed the reason for this omission. After the adoption of the revision of 1913 it was no longer recognizable as existing law of the state. The rule which causes this to be true is stated in 82 C. J. S., Statutes, § 274, p. 456, as follows: "On the adoption of a code or revision by the legislature, all laws of a general or permanent nature which previously existed but which were omitted therefrom cease to be law, except as it may be otherwise provided in the code or revision or in the act adopting it."

The history of the creation of the commission for revision and the adoption of the revision does not contain any exception to this rule. See, Laws 1911, c. 166, p. 540; Laws 1913, c. 3, p. 57; Laws 1913, c. 241, p. 753.

Since 1913 there has been no constitutional or statutory provision which prescribes a formula for division and distribution of funds of the character involved in this action. It follows that there has been no declared basis therefor except, if it may be regarded as an exception, the precedent contained in the decisions cited herein which interpreted and applied the statute enacted in 1895. Whether or not this precedent was followed in practice after 1913 is not disclosed by the record.

The courts are therefore presented with the question of whether there should be a re-establishment of the precedent existing prior to 1895, or a pursuance of the statute and the precedent obtaining from 1895 to 1913, or a declaration of a new method.

As an observation, it does not appear that a new method should be adopted unless it is apparent that for good reason the other two should be rejected.

It is apparent that there are and were objections to the formula as it existed prior to 1895. This is evidenced by the act of the Legislature, the obvious and unmistakable intent and purpose of which was to destroy the then existing formula and precedent. Coupled with this is the fact that in that formula distribution had no relation to quantitative benefits based on population or territorial area.

The formula after 1895 and until 1913 was created by affirmative action of the Legislature. It was approved as constitutional and as a proper exercise of the legislative prerogative by this court. That approval has never been withdrawn by later action of the court, or subsequent affirmative declaration of the Legislature.

This plan is supported by some elements of precedent as that term is defined in law. See 21 C. J. S., Courts, § 186, p. 297. The precedent has never been specifically destroyed. As a controlling precedent it was destroyed by the apparently unexplainable omission of the statutory provision from the 1913 revision of the statutes.

If the precedents after 1895 are to be rejected as in anywise controlling then return must be had to the situation as it existed after the adoption of the Constitution of 1875, and to an original interpretation and application of the constitutional provision under consideration. This would necessitate the declaration of a new and independent formula for the division of these funds. No formula would be proper which would not respond to the particular language of the provision, and also produce an equitable result.

The provision in clear terms, as applied to this case, requires that the funds shall be appropriated to the exclusive use of the common schools of District No. 54, District No. 66, and the Omaha District in the city of Omaha. There is no room for doubt as to this.

On the question of equity, the provision reasonably contemplates that the funds shall be distributed without partiality and discrimination to these schools. No one in this case has given expression to a contrary view.

If equity is to obtain in distribution and the constitutional dictation is to be regarded then it must follow that apportionment has no relation to the total area of each of the districts as such, but only to the areas which are within the city of Omaha. Also the funds must be divided under a formula which must exact a reasonable extension and apportionment of benefits to the body of people, the common school pupils, to whom the Constitution says they belong.

An apportionment which appears to meet these requirements, and is hereby exacted by this opinion, is a formula and plan which requires a division in proportion to the number of persons of school age residing in the areas of three districts which are within the city of Omaha, according to the school census taken last before the apportionment of funds.

On the appeal it is urged that in addition to the matters which have been considered herein the matter of distribution of funds obtained by bond forfeitures was presented and should have been decided. The district court by its judgment decided that the matter was not presented and accordingly specifically held that the question was not being decided. That then is an issue on which there has been no decision. There having been no decision the matter will not be considered in this action on appeal.

The assignments of error presented by the briefs on appeal have not been specifically mentioned herein but it is deemed that the observations herein contained respond sufficiently to all of them.

There is a cross-appeal herein but from an analysis of the record in the light of the issues under consideration the matters presented by it have no bearing upon that

which is presented for determination. It is therefore not discussed.

The judgment of the district court is reversed and the cause remanded with directions to require accounting in accordance with this opinion, and on such accounting to render judgment in favor of the respective parties also in conformity with this opinion. Each party shall pay its or his own costs.

REVERSED AND REMANDED WITH DIRECTIONS.